UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| Krassimir Zhekov | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| Versus | ) | Division: |
| | ) | |
| Wright National Flood Insurance Company | ) | Judge: |
| | ) | |
| | ) | Mag. Judge: |
| Defendant. | ) | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Krassimir Zhekov, who files this Complaint on the grounds set forth below:

### Jurisdiction and Venue

1. This action arises as a result of the Defendant's denial of PLAINTIFF's flood insurance claims under the National Flood Insurance Act of 1968, as amended ("NFIA"; 42 U.S.C. § 4001 *et seq.*), the Federal Emergency Management Agency's ("FEMA") regulations, and federal common law.

2. This breach of contract action involves breaches of a Standard Flood Insurance Policy ("SFIP"), specifically General Property Forms, 44 C.F.R. Pt. 61, Appx. A(2) that the Defendant sold to PLAINTIFF pursuant to the NFIA.

3. This Court has original, exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072. In addition, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 because the interpretation of the SFIP, a federal regulation, creates numerous, substantial federal questions.

4.    The property made the basis of this action is located at 2206 Meadows Blvd, League City, TX 77573 (the "subject property") which is located in the Southern District of Texas. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) and 42 U.S.C. § 4072.

## Parties

5.    PLAINTIFF, also known as Krassimir Zhekov is a person of the full age of majority, domiciled in the Southern District of Texas. At all relevant times PLAINTIFF owned the property located at 2206 Meadows Blvd, League City, TX.

6.    The Defendant, Wright National Flood Insurance Company (the "Company"), is a private insurance company authorized to and doing business in Texas. Defendant is appearing as a Write-Your-Own ("WYO") National Flood Insurance Program ("NFIP") carrier under the authority of the NFIA. Pursuant to 44 C.F.R § 62.23(d) and (i)(6), Defendant is responsible for adjusting, settlement, payment, and defense of all claims arising from flood insurance policies. The Company is authorized to do and does business in the State of Texas.

## Background Facts

7.    The Company sold PLAINTIFF an SFIP for the subject property bearing policy number 4211504584007.  The SFIP is set forth at 44 C.F.R. Pt. 61, Appx. A(2), and is incorporated herein by reference. PLAINTIFF had paid all necessary premiums, and the SFIP was in full force and effect during its term and at all relevant times on the date of the flood loss.

8.    The SFIP issued to PLAINTIFF covered flood damage to the subject property for the dwelling and other structures described under Coverage A; debris and loss avoidance measures as described under Coverage C; and costs incurred to comply with state or local flood plain management laws or ordinances as described under Coverage D (also known as Increased Cost of Compliance or ICC). This lawsuit specifically does not seek any claim under Coverage D.

9. On or about August 25, 2017, Hurricane Harvey began impacting the Texas coast causing widespread, devastating, long-duration flooding (the "Flood") throughout much of southeast Texas, and ultimately flooding PLAINTIFF's home.

10. As a direct and proximate result of the Flood, PLAINTIFF suffered a direct physical loss to the subject property. PLAINTIFF's home was inundated with contaminated floodwaters for several days causing physical changes and damages directly by and from flood to the subject properties. PLAINTIFF has incurred and continues to incur significant expenses to restore the properties to pre-flood condition.

11. PLAINTIFF timely notified the Company of these flood insurance losses, as required by Article VII.J.1. of the SFIP.

12. The Company hired and sent an adjuster to PLAINTIFF's hone to inspect the property, prepare damage estimates and Proofs of Loss, and to make adjustment recommendations, subject to the approval of the Company.

13. The Company and the adjuster prepared damage estimates and Proofs of Loss, but they chose to not comply with the provisions and requirements of the SFIP and FEMA's rules, regulations, guidance, and Adjuster Claims Manual.

14. Ultimately, PLAINTIFF realized that numerous flood damaged items had been omitted and/or significantly underpaid by the Company. Most importantly, the Company failed to cover PLAINTIFF's HVAC system, which was required to be replaced as a direct result of flood.

15. PLAINTIFF complied with all conditions precedent within the SFIP prior to filing this lawsuit, including, but not limited to, timely notifying the insurance company of the losses and submitting timely Proofs of Loss. Despite receipt of the documentation evidencing the Company's substantial underpayment, Defendant has delayed and denied these claims, which are due and owed under the SFIP.

## The Company's Duties

16. The Company entered into the Financial Assistance/Subsidy Arrangement (the "Arrangement") with FEMA, which authorizes the Company to issue SFIPs, and the "Company shall investigate, adjust, settle and defend all claims or losses arising from policies issued under this Arrangement." Art. II.F.

17. The Arrangement states that the "Company shall comply with written standards, procedures, and guidance issued by FEMA or FIA relating to the NFIP and applicable to the Company." Art. G.1.

18. Further, the "Company is solely responsible for its obligations to its insured under any policy issued pursuant hereto, such that the Federal Government is not a proper party to any lawsuit arising out of such policies." Art. XVI.

19. Federal regulations set out the procedures to be used by WYO companies, such as Defendant. 44 C.F.R. Section 62.23(i) states in pertinent part:

> (1) WYO companies will adjust claims in accordance with general company standards, guided by NFIP Claims manuals. The Arrangement provides that claim adjustments shall be binding upon the FIA.
>
> (2) The WYO Company may use its staff adjusters, independent adjusters, or both. It is important that the Company's Claims Department verifies the correctness of the coverage interpretations and reasonableness of the payments recommended by the adjusters.
>
> ***
>
> (4) The normal catastrophe claims procedure currently operated by a WYO Company should be implemented in the event of a claim catastrophe situation. Flood claims will be handled along with other catastrophe claims.
>
> ***
>
> (10) The customary content of claim files will include coverage verification, normal adjuster investigations, including statements where necessary, police reports, building reports and investigations, damage verification and other documentation relevant to the adjustment of claims under the NFIP's and the WYO Company's traditional claim adjustment practices and procedures. The WYO Company's claim examiners and managers will supervise the adjustment of flood insurance claims by staff and independent claims adjusters.

20. The SFIP at 44 C.F.R. Pt. 61, Appx. A(2), Article VII.M states that the carrier "will adjust all losses with you. … Loss will be payable within 60 days after we receive your proof of loss … and: a. We reach an agreement with you; b. There is an entry of valid judgment; or c. There is a filing of an appraisal award with us, as provided in VII.P."

21. Courts have held that interpretation of the SFIP should be "uniform throughout the country and that coverage should not vary from state to state." *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 267 (3d Cir. 2004).

22. Despite FEMA's extensive rules, detailed regulations, and guidance, this Company has either failed to establish general company standards or has failed to fully comply with FEMA's rules and regulations resulting in an adjustment that omitted covered items and undervaluing other covered items.

23. Defendant's adjustment was based upon the arbitrary and capricious application of some of FEMA's rules, regulations and guidance, which created a disparate impact on PLAINTIFF under the NFIP.

24. As will be shown at trial of this matter, the Company chose not to comply with the written standards, procedures, and guidance issued by FEMA, which in turn directly and unfairly impacted the adjustment of PLAINTIFF's flood claims resulting in gross underpayment under the SFIP.

**Breach of Contract**

25. PLAINTIFF re-alleges and incorporates each and every allegation set forth above as if set forth fully herein.

26. This is an action for damages as a result of the Company's breach of the SFIP, insurance contract.

27. PLAINTIFF and the Company entered into an insurance contract when PLAINTIFF purchased from the Company the above referenced SFIP, 42115045848007 for the subject property

28. The SFIP, at all times relevant, provided flood insurance coverage to PLAINTIFF for,

among other things, physical damages to the subject property caused by or from flood.

29. Beginning on or about August 25, 2017, PLAINTIFF's home flooded for an extended period of time. The Flood physically changed and damaged the subject property.

30. PLAINTIFF fully performed under the contract by having paid all premiums when due, satisfying all SFIP requirements, including but not limited to Articles VII.J., and VII.R, and cooperating with the Defendant and its adjuster.

31. PLAINTIFF complied with all conditions precedent to recovery, including but not limited to timely notification of the flood losses and submitting complete Proofs of Loss with supporting documentation.

32. The Company materially breached the SFIP when it wrongly failed to pay PLAINTIFF for all covered damages caused directly by and from Flood. Further, the Company breached the SFIP when it failed to pay for covered but omitted flood damaged items and when it underpaid numerous flood damaged items in the subject property. Moreover, the Company breached the contract of insurance when it failed to perform other obligations it owed PLAINTIFF under the SFIP.

33. By virtue of its various breaches of contract, including the choice not to pay PLAINTIFF for PLAINTIFF's covered losses, the Company is liable to and owes PLAINTIFF for the actual damages PLAINTIFF sustained as a foreseeable and direct result of the breaches of contract and all costs associated with recovering, repairing, and/or replacing the covered, flood damaged properties in accordance with the SFIP, together with all costs, expenses, and relief as allowed by law.

## **Prayer**

**WHEREFORE**, PLAINTIFF, prays that after due proceedings are heard, that this Court enter Judgment in favor of PLAINTIFF, Krassimir Zhekov, and against the Defendant for all amounts that PLAINTIFF proves at trial of this matter for damages due to the Defendant's breach of the insurance contract, and for costs, expenses, and other relief that this Honorable Court may

deem just and proper.

        Respectfully submitted

        **SANDERS LAW PLLC**

        _____
        David R. Sanders
        TX State Bar No. 24093102
        Federal ID No. 2659635
        david@sanderstxlaw.com
        105 S. Friendswood Dr., Ste D
        Friendswood, TX 77546
        (713) 489-5052  Phone
        (713) 489-8330  Fax

        **COUNSEL FOR PLAINTIFF**